IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GIBNEY, | ) | CASE NO. 1:12 CV 886 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, John Gibney, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Gibney had severe impairments consisting of psychological factors affecting medical condition and adjustment disorder with mixed anxiety and depressed mood.[1] The ALJ made the following finding regarding Gibney's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) meaning claimant can lift and carry

---

[1] Transcript ("Tr.") at 13.

10 pounds frequently and up to 20 pounds maximum occasionally. Claimant can sit, stand or walk for 6 hours in an 8-hour day. Manipulative limits include frequent but not continual handling, fingering or feeling with the dominant right hand. He must avoid even moderate exposure to workplace hazards such as unprotected heights or dangerous machinery. The claimant is precluded from tasks that involve high production quotas such as piecework or assembly line work and strict time requirements.[2]

The ALJ decided that this RFC precluded Gibney from performing his past relevant work as a truck driver and materials handler.[3]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Gibney could perform.[4] The ALJ, therefore, found Gibney not under a disability.[5]

Gibney asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. He presents the following issue for judicial review:

Whether the ALJ erred when she found that from February 29, 2008, through the date of her decision that Mr. Gibney was capable of performing a significant number of jobs when the evidence demonstrates that there was at least a 12 month period when Mr. Gibney was unable to engage in any substantial gainful activity.[6]

---

[2] *Id.* at 15.

[3] *Id.* at 17.

[4] *Id.* at 18.

[5] *Id.*

[6] ECF # 11.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### 1.     Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[7] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[8] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[9]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2.    Substantial evidence supports the Commissioner's decision.

The ALJ decided this case at step five (substantial number of jobs existing) based on the testimony of a VE. The ALJ made an RFC finding of ability to do light work with additional limitations on more than frequent use of the dominant right hand and mental limitations as to production quotas and strict time limits.[10]

Gibney challenges the RFC finding as not supported by substantial evidence for a closed period from February 29, 2008 to March of 2010.[11] The Commissioner counters that, although Gibney may have had greater limitations than reflected in the RFC finding for a short period after the onset date, those limitations did not continue for a period of 12 months.

---

[8] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[10] Tr. at 15.

[11] *Id.* at 55. Gibney testified at the hearing that he had improved enough to get a job "after my last visit with ... Dr. Forester [sic]." *Id.* Based on that testimony, counsel asked for consideration of a closed period of disability. *Id.* According to the transcript, Gibney's last appointment with Dr. Foerstner was on March 11, 2010. *Id.* at 406.

-4-

Gibney contracted mononucleosis and thereafter suffered from full body tremors.[12] These tremors receded and diminished, and finally remained only in the dominant right hand.[13] Gibney received treatment from his primary care physician, Richard Kucera, M.D., and a rheumatologist, Mark Rorick, M.D. The transcript contains the treatment notes of each. Both note improvement in 2008 and reference Gibney's ability to return to some kind work.[14]

Gibney was also treated by Stacy Foerstner, Ph.D., a psychologist. Gibney testified that she told him "[y]ou can go back to work. You can do something."[15] She influenced him to go back to school.[16] She did not provide an RFC opinion.

I have carefully reviewed the treatment notes of Drs. Kucera, Rorick, and Foerstner. They support the ALJ's finding that Gibney improved steadily through 2008[17] and remained stable as of January 2009 and thereafter.[18] Dr. Rorick completed a physician's statement on November 17, 2008, in which he opined that Gibney displayed normal cognition, had no restrictions on daily activities, and had improved over eight months in response to

---

[12] *Id.* at 316, 349.

[13] *Id.* at 314, 318, 319.

[14] *Id.* at 285, 360, 362.

[15] *Id.* at 55.

[16] *Id.*

[17] *Id.* at 314-395, 396-404.

[18] *Id.* at 338.

treatment.[19] In August of 2008, Dr. Kucera described Gibney as "remarkably improved."[20] In November of 2008, Dr. Kucera observed that Gibney had "gradually improved quite dramatically.[21]

Although Gibney may have had a case to make *de novo* to the ALJ, substantial evidence supports the Commissioner's decision.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Gibney had no disability. Accordingly, the decision of the Commissioner denying Gibney disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: September 24, 2013        s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[19] *Id.* at 281-83.

[20] *Id.* at 362.

[21] *Id.* at 366.